# Jonathan Brink *against* James Bell.

The report of referees, that the parties had dispensed with their being sworn, is *prima facie* evidence of its contents.

THIS suit was for work done, and originated before Moses Killem, esq. a justice of the peace, for Wayne county. On the 16th May 1805, the justice after a hearing, gave judgment for the plaintiff for 76 dollars and costs ; from which the defendant appealed, and gave the security prescribed by the act of 28th March 1804. (6 St. Laws 386.) The defendant afterwards removed the cause into the Circuit Court by *habeas corpus ;* and the action being referred, the referees reported 60 dollars to be due to the plaintiff, and certified that the parties had dispensed with their being sworn or affirmed.

Exception was now taken to the report by Mr. J. Ross, for the defendant ; that this dispensation ought to appear to have been agreed upon, by the rule of court ; and that the court could not take the fact from the certificate of the referees.

*Sed non allocatur.* The words of the arbitration act of the 21st March 1806, § 3, (7 St. Laws 559,) are, that the referees chosen, shall be sworn or affirmed, " unless the same shall be " dispensed with by the consent of the parties." Here the judges of the parties own choosing, have certified the fact, which is *prima facie* evidence of its truth, and is even uncontradicted by the defendant's assertion. Lay any reasonable grounds to create a suspicion of its truth, and the matter will be enquired into. At present, it is a mere question of evidence.

It was then insisted, that the defendant should be allowed 50 cents per day for every day he had attended on the appeal; and that this was within the spirit of the 4th section of the act of 28th March 1804. This court will not discourage appeals, from the partial decisions of justices of peace. The defendant *492] *was injured thereby in the present instance, to the amount of $16, and he had no other mode of redress but by an appeal. Ought he in such a case to pay costs upon any principle of equity?

Mr. Sitgreaves for the plaintiff. The present motion is

[Brink *v.* Bell.]

grounded neither on the spirit or words of the law. The object of the legislature was to guard against frivolous appeals; and by the words, the defendant is only intitled to his 50 cents per day, in the case of an appeal by the plaintiff. If the plaintiff here had obtained an affirmance of the justice's judgment, or had recovered more than such judgment amounted to, he would, under the clear expressions of the act, have been intitled to his 50 cents per day.

Antecedent to the provisions of this act of experiment, a less sum recovered on an appeal by a plaintiff, than the justice had rendered his judgment for, would be no bar to the recovery of his legal costs; and the act creates none where the defendant has appealed. Here the plaintiff would have been without remedy, if he had not sued before the justice. There is nothing scarcely about which there is so great difference of opinion as the value of work done; it differs in different places in the same county, and the referees might have disagreed from the justice, without any imputation on his decision. If the *quantum* of the sum demanded had been the ground of dispute, the defendant should have tendered what he thought due, and then the question would have come on fairly to trial.

The litigious spirit of the defendant has led him to pursue a losing game; he deserves to be punished still further. The Circuit Courts in the different counties are different branches of the Supreme Court, and come, instead of the courts of *Nisi Prius*, except as to Philadelphia county, by the act of 20th March 1799. 4 Dall. St. Laws 362. Inasmuch therefore, as a sum not amounting to 50l. had been found due by the report of referees, and the defendant has removed the cause, he is liable to pay double costs under sect. 3 of the act of 20th May 1767. The plaintiff moves, that the judgment be so entered. 1 St. Laws 479.

The court fully adopted the system of reasoning of the plaintiff's counsel; and further added, that the defendant might have suffered judgment to go against him by default, without offering any testimony of payments, set-offs, &c. before the justice, could he by the production of his evidence before a jury or referees, reduce the sum found due by the justice, and mulct his adversary in costs? Yet such would be the consequence of the doctrine contended for!

Judgment for the plaintiff, with double costs.